IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WINIFRED OKENKPU AND CHIMA | § | |
| OKENKPU, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-11-2376 |
| | § | |
| ALLSTATE TEXAS LLOYD'S, | § | |
| ALLSTATE INSURANCE COMPANY, | § | |
| ALLSTATE PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY, ALLSTATE FIRE | § | |
| AND CASUALTY INSURANCE COMPANY, | § | |
| PILOT CATASTROPHE SERVICES, | § | |
| INC., AND MARSH CLARK, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court in the above referenced cause, removed from the 434th Judicial District Court of Fort Bend County, Texas on diversity jurisdiction and seeking to recover under a homeowner's policy for damages to Plaintiffs Winifred and Chama Okenkpu's home caused by Hurricane Ike,[1] are the following motions: (1) Defendants' motion for partial dismissal (#4) pursuant to Federal Rules of Civil Procedure 8, 9(b) and 12(b)(6); (2) Plaintiffs' motion for remand for lack of subject matter jurisdiction because Defendant Marsh Clark, an individual adjuster and Texas resident, was properly joined (instrument #8); (3) Plaintiffs' motion for leave to file amended complaint to add

---

[1] The property is located at 14115 BraceBridge Court, Sugarland, Texas 77498, insured under a policy issued by Allstate Texas Lloyd's.

additional adjuster-Defendants to the suit; and (4) Defendants'
motion for leave to file first amended answer (#29), subject to a
ruling on #4.

The complaint alleges the following causes of action: (1)
against Defendants individual adjuster Marsh Clark and Pilot
Catastrophe Services, Inc. ("Pilot"), noncompliance with the Texas
Insurance Code: Unfair Settlement Practices, §§ 541.060(a),
541.060(a)(1), 541.060(a)(2)(A), § 541.060(a)(3), 541.060(a)(4),
541.060(A)(7), all made actionable by § 541.151; (2) against
Allstate Defendants intentional breach of contract, noncompliance
with the Texas Insurance Code: Unfair Settlement Practices (same
sections as above), plus noncompliance with the Texas Insurance
Code: Prompt Payment of Claims §§ 542.055, 542.056, 542.058 made
actionable by § 542.060, and breach of the duty of good faith and
fair dealing; (3) and against all Defendants (including Clark)
common law fraud and conspiracy to commit fraud.

### Relevant Law

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading
that states a claim for relief must contain . . . a short and plain
statement of the claim showing that the pleader is entitled to
relief." When a district court reviews a motion to dismiss
pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the
complaint in favor of the plaintiff and take all well-pleaded facts
as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763

(5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*,556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough

facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

In *Ashcroft v. Iqbal*, 129 S. Ct. at 1940, the Supreme Court, applying the *Twombly* plausibility standard to a *Bivens* claim of unconstitutional discrimination and a defense of qualified immunity for government official, observed that two principles inform the *Twombly* opinion: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." . . . Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."; and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." "[T]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

While the sufficiency of a complaint under Rule 8(a)(2) may be challenged by motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, even if the defendant does not file such a motion, the court "has the authority to consider the sufficiency of a complaint on its own initiative." *Landavazo v. Toro Co.*, 301 Fed. Appx. 333, 336 (5th Cir. Dec. 5, 2008)(*citing Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)("As a general rule, a district court may dismiss a complaint on its own for failure to state a claim.")), *cert. denied*, 129 S. Ct. 2417 (2009).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank*

*PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. Jan. 25, 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The court may also take notice of matters of public record when considering a Rule 12(b)(6) motion. *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-

0451, 2008 WL 2118170, *2 (S.D. Tex. May 16, 2008). *See also ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008).

In addition to Rules 8(a) and 12(b)(6), fraud claims must also satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): "In allegations alleging fraud . . ., a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." A dismissal for failure to plead with particularity as required by this rule is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir. 2005).

Because "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not," it applies to statutory claims based on allegations of fraud. *Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368

(5th Cir. 2001); *Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994).  "Claims alleging violations of the Texas Insurance Code and the Deceptive Trade Practices Act . . . are subject to the requirements of Rule 9(b)."  *Frith v. Guardian Life Ins. Co. of America*, 9 F. Supp. 2d 734, 742-43 (S.D. Tex. 1998).  *See also, e.g., Berry v. Indianapolis Life Ins. Co.* "*Berry I*"), 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009).  Where "[t]he factual background of . . . claims is substantively identical," causes of action arising under DTPA, the Texas Insurance Code, or common law fraud must satisfy Rule 9(b), which reaches "all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud."  *Frith*, 9 F. Supp. 2d at 742, *citing Berry*, 608 F. Supp. 2d at 789, 800; *Hernandez v. Ciba-Geigy Corp., USA*, 200 F.R.D. 285, 290-91 (S.D. Tex. 2001).  The same is true of claims for negligent misrepresentation where the factual allegations underlying it and a fraud claim are the same. *Benchmark Elecs. v. J.M. Huber Corp.,* 343 F.3d 719, 723 (5th Cir. 2003)("Although Rule 9(b) by its terms does not apply to negligent misrepresentation claims, this court has applied the heightened pleading requirements when the parties have not urged a separate focus on the negligent misrepresentation claims. . . . That is the case here, as Benchmark's fraud and negligent misrepresentation claims are based on the same set of alleged facts."), *citing Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997);

*Berry v. Indianapolis Life Ins. Co. ("Berry II"),* No. 3:08-CV-0248-B, 2010 WL 3422873, *16 (N.D. Tex. Aug. 26, 2010), *citing Benchmark* and *Biliouris v. Sundance Res., Inc.,* 559 F. Supp. 2d 733, 737 (N.D. Tex. 2008)(dismissing negligent misrepresentation claim based on the same operative facts as an insufficient fraud claim).

The pleading standards of *Twombly* and Rule 9(b) apply to pleading a state law claim of conspiracy to commit fraud. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009)("a plaintiff alleging a conspiracy to commit fraud must 'plead with particularity the conspiracy as well as the overt acts . . . taken in furtherance of the conspiracy'"), *quoting FC Inv. Group LLC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1097 (D.C. Cir. 2008).

If Plaintiffs fail to state a claim for fraud underlying their civil conspiracy claim, the civil conspiracy claim must be dismissed, too. *Allstate Ins. Co. v. Receivable Finance, Inc.,* 501 F.3d 398, 414 (5th Cir. 2007); *American Tobacco Co., Inc. v. Grinnell*, 951 S.W. 2d 420, 438 (Tex. 1997)("Allegations of conspiracy are not actionable absent an underlying [tort]"); *Krames v. Bohannon Holman LLC*, No. 3:06-CV-2370-0, 2009 WL 762205, *10 (N.D. Tex. Mar. 24, 2009).

Under 28 U.S.C. § 1441(a)[2] any state court action over which

---

[2] Title 28 U.S.C. § 1441(a) states, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such

federal courts would have original jurisdiction may be removed from state to federal court. *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278, 282 (5th Cir. 2007; *Guttierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)("A district court has removal jurisdiction in any case where it has original jurisdiction.").

The right to remove depends upon the plaintiff's pleading at the time of the petition for removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995); *Ford v. Property & Cas. Ins. Co. of Hartford*, No. Civ. A. H-09-1731, 2009 WL 4825222, *2 (S.D. Tex. Dec. 9, 2009).

The removing party bears the burden of showing that subject matter jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts are construed against removal because the removal statute is strictly construed in favor of remand. *Id.*

Under 28 U.S.C. § 1441(b), when original federal jurisdiction is based on diversity, as is claimed by Defendants here, a defendant may remove a state court civil action only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The

---

action is pending."

doctrine of improper joinder, or fraudulent joinder,[3] prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2003).

Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court. *Gasch*, 491 F.3d at 281; *Smallwood*, 385 F.3d at 573. The latter situation is asserted here. Defendants claiming improper joinder based on the second type bear a heavy burden of showing that there is no possibility of recovery by the plaintiff against the in-state defendant, i.e., in other words that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Smallwood*, 385 F.3d at 576. A "reasonable basis" means more than a mere a hypothetical basis. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)("whether the plaintiff has stated a valid state law cause of action depends upon

---

[3] The Fifth Circuit prefers the term "improper joinder" to "fraudulent joinder" because it is more consistent with the statutory language in 28 U.S.C. §§ 1141 and 1332. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 571 n.1 and 572-73 (5th Cir. 2004)(*en banc*), *cert. denied*, 544 U.S. 992 (2005).

and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery").

To determine whether a plaintiff has a "reasonable basis for recovery under state law, the court may "conduct a Rule 12(b)(6)-type analysis." *Smallwood*, 385 F.3d at 573; *Anderson v. Georgia Gulf Lake Charles*, 342 Fed. Appx. 911, 915 (5th Cir. 2009). First the court should look at the pleadings to determine whether the allegations state a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. If the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the court may look beyond the pleadings and consider summary judgment-type evidence. *Georgia Gulf*, 342 Fed. Appx. at 915-16. Discovery should be restricted and the summary inquiry should be limited to identifying "discrete and undisputed facts that would bar a plaintiff's recovery against an in-state defendant; anything more risks 'moving the court beyond jurisdiction and into the resolution of the merits . . . .'" *Id.* at 916, *quoting Smallwood*, 385 F.3d at 573-74. A defendant may submit and the court may consider affidavits and deposition transcripts in support of the defendant's removal petition. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). Furthermore, where the reasons for finding that there is no reasonable basis for recovery against the in-state defendant would also dispose of all claims against the diverse defendants,

the entire case should be remanded because "there is no improper joinder; there is only a lawsuit lacking merit." *Id.* at 574.

Moreover, "the existence of even a single valid cause of action against the in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Grey v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 & n.11 (5th Cir. 2004)(and cases cited therein).

The district court must resolve all contested fact issues and ambiguities of state law in favor of the plaintiff and remand. *Gasch*, 491 F.3d at 281. The Fifth Circuit explains, since "'the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns.' The removal statute is therefore to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281-82, *quoting Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995).

### Plaintiffs' Motion to Remand (#8)

Because it concerns the Court's subject matter jurisdiction over this case, the Court addresses the motion to remand first. Plaintiffs' motion to remand asserts that the Court lacks subject matter jurisdiction based on diversity because Defendant Marsh Clark, the individual adjuster for Plaintiff's claim, is domiciled in Texas, and valid causes of action under Texas state law exist

against him.   Plaintiffs allege that Clark's inspection of Plaintiffs' property was substandard, his report failed to include all of the damages, and those he did include were grossly undervalued.   Plaintiffs conclusorily claim that they have alleged facts against Clark sufficient to support causes of action against him for violations of the Texas Insurance Code, specifically of sections   541.002(2),   541.060(1),   541.060(2),   541.060(3), 541.060(4), and 541.060(7).   They track the generic language of the Texas Insurance Code by alleging, without factual support, that the Allstate Defendants, Pilot, and Clark misrepresented to Plaintiffs that the damage to the property was not covered under the policy, failed to make an attempt to settle Plaintiffs' claim in a fair manner even though they were aware of their liability to Plaintiffs under the policy, failed to explain to Plaintiffs the reasons for offering an inadequate settlement, failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time, and refused to fully compensate Plaintiffs under the Policy even though they failed to conduct a reasonable investigation.

### Defendants' Response (#11)

Defendants Allstate Texas Lloyd's, Allstate Insurance Company, Allstate Property and Casualty Insurance Company, and Allstate Fire and Casualty Insurance Company (collectively, "Allstate") maintain that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00 and

(2) Clark has been fraudulently joined, as evidenced by Plaintiffs' allegations, which are entirely void of any facts relating to the adjuster.   "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between Plaintiffs' allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). *See also Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)(observing that plaintiff cannot avoid removal by pointing to "a mere theoretical possibility of recovery under local law.").   Thus the complaint fails to state a claim against Marsh under Rule 12(b)(6). *See, e.g., First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, *7 (E.D. Tex. Sept. 29, 2008)("In addition to identifying a cause of action recognized under state law, the petition must allege facts that support that cause of action"), *cited by Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. Civ. A. H-09-1728, 2009 WL 3602043, *3 (S.D. Tex. Oct. 27, 2009)(listing violations of the Insurance Code committed by the insurance company and incorporating those same violations against the adjuster did not state a claim against the adjuster because "[n]o specific code violations are attributed to [the adjuster] . . . . Ultimately, all allegations are conclusory, wholly lacking specific factual support, and merely assert that [the adjuster] violated the Texas Insurance Code."). *In accord Weldon Contractors Ltd. v. Fireman's Fund Ins. Co.*, No.

-15-

4:09-CV-165-A, 2009 WL 1437837 (N.D. Tex. May 22, 2009).

Nor for Plaintiffs' fraud and misrepresentation claims against the adjustor do the pleadings satisfy Rule 9(b).  Plaintiffs' Original Petition fails to specify any statements which they consider to be misrepresentations or fraudulent, they do not identify when and where these statements were made or why they are fraudulent or misrepresentative.

### Plaintiffs' Reply (#12)

Plaintiffs first claim that Defendants must prove there is no possibility that Plaintiffs will be able to establish a cause of action against the non-diverse Marsh.  The Fifth Circuit has interpreted that requirement as whether there is "any reasonable basis for predicting that [the plaintiff] might be able to establish" the non-diverse defendant's liability. *Travis v. Irby*, 326 F.3d at 647; *Dodson v. Spiliada Mar. Corp.* 951 F.2d 40, 42 (5th Cir. 1992).

Plaintiffs claim they have pleaded specific facts about Marsh that state a claim under state law, i.e., that he conducted substandard inspections of Plaintiffs' property;  that he spent an insufficient amount of time inspecting it, as evidenced by his report, which failed to include all of the damages noted upon inspection;  and that those damages he included were grossly undervalued.  The Court observes that these statements are conclusory and lack the factual specificity necessary to state a

-16-

claim.

## Court's Decision

There is no dispute that Chapter 541, Subchapter A, prohibits any "person" from engaging in deceptive trade practices in the business of insurance. The term "person" is defined as "any **individual**, corporation, association, partnership, . . . and any other legal entity engaged in the business of insurance, including agents, brokers, **adjusters** and life insurance counselors." Tex. Ins. Code Ann. Sec. 541.002 (2005)(emphasis added). Moreover Chapter 541.003 (2005) provides a private cause of action against any person who engages in unfair or deceptive acts as provided in section 3 of the subchapter. Tex. Ins. Code Ann. Sec. 541.003   In *Liberty Mutual Ins. Co. V. Garrison Contractors, Inc.*, 996 S.W. 2d 482, 486-87 (Tex. 1998), the Texas Supreme Court held that the term "person," for purposes of imposing liability, is not limited to business entities but includes individual and company employees who engaged in the business of insurance.   Therefore the wrongful conduct of an insurance adjuster can give rise to personal liability even if he is in a subordinate relationship with the insurance carrier. *See also Gasch v. Hartford Accident and Indemnity Co.*, 491 F. 3d 278, 282-83 (5th Cir. 2007)(holding that Texas law "clearly authorizes Article 21.21 [541.060] actions against insurance adjusters in their individual capacities."). Moreover under the case law interpreting the statutes, an adjuster

-17-

may be found liable in his individual capacity for deceptive or misleading acts in violation *inter alia* of the Texas Insurance Code. *Garrison Contractors*, 966 S.W. 2d at 486; *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). District courts within the Fifth Circuit have also found that a plaintiff can sue an adjuster in his individual capacity for common law fraud. *See, e.g., Leisure Life Senior Apartment Housing II, Ltd. v. Lloyds of London*, H-09-3967, 2009 WL 3834407, *2 (S.D. Tex. Nov. 12, 2009); *Lakewood Chiropractic Clinic*, 2009 WL 3602043 at *2.

At issue here is whether Plaintiffs' Original Petition adequately pleads a reasonable factual basis for predicting that state law would allow recovery against Marsh. This Court has required a plaintiff to satisfy Rules 8, 9, and 12(b)(6) and *Twombly*, to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer. *See, e.g., Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.*, Civ. A. No. H-10-1846, 2011 WL 240335, *14 (S.D. Tex. Jan. 20, 2011); *Gonzales v. Homeland Ins. Co. of New York*, Civ. A. No. H-11-123, 2011 WL 3104104 (S.D. Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, Civ. A. No. H-10-4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.*, Civ. A. No. H-09-1308, 2010 WL 1257802, *6 (S.D. Tex. Mar. 25, 2010); *Glen Willow Apartments v. Lexington Ins.*

*Co.*, Civ. A. No. H-10-2095, 2011 WL 1044206, *3 (March 16, 2001). Plaintiffs have failed to do so here with respect to Clark.  Thus the Court denies the motion to remand and dismisses Clark with prejudice as improperly joined.

### Defendants' Motion for Partial Dismissal (#4)

Supported by citations to numerous cases, Defendants move to dismissal of Plaintiffs' claims for fraud, conspiracy to commit fraud, noncompliance with the Texas Insurance Code:  Unfair Settlement Practices, noncompliance with the Texas Insurance Code: The Prompt Payment of Claims, and breach of duty of good faith and fair dealing because they are insufficiently pleaded under the Federal Rules of Civil Procedure and interpretive case law of this Circuit.  Plaintiffs' factual allegations are pled in vague generalities and formulaic recitations of statutory language that are "[t]hreadbare recitals of  causes of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949.  Plaintiffs' claims of misrepresentation and fraudulent conduct fail to meet the particularity requirements of Rule 9(b).

### Plaintiffs' Response (#10)

Insisting their pleading satisfies the Federal Rules of Civil Procedure, they maintain they have asserted sufficient facts, but point out they have not yet had an opportunity to conduct discovery.

The Court concurs with Defendants that the Original Petition

fails to state a claim under the Federal Rules.  It further observes that Plaintiffs are not entitled to "unlock the doors of discovery" based on conclusory allegations.  *Iqbal*, 128 S. Ct. at 1940.  Moreover the Court's summary of the relevant pleading standards, *supra*, indicates that Rule 9(b) does apply to the statutory insurance claims in dispute here.  Therefore it grants the motion for partial dismissal, but also grants leave to Plaintiffs to file an amended complaint within twenty days to attempt to satisfy the federal pleading requirements.

As pointed out by Defendants, Plaintiffs' motion to amend to add four adjuster Defendants to this action (#28) is untimely and unwarranted.

Accordingly, for the reasons indicated above, the Court

ORDERS that Plaintiffs' motion to remand (#8) is DENIED and Marsh Clark is DISMISSED with prejudice as improperly joined.  The Court further

ORDERS that Defendants' motion for partial dismissal (#4) is GRANTED, but that Plaintiffs are granted leave to file within twenty days an amended complaint to satisfy federal pleading requirements.  The Court also

ORDERS that Plaintiffs' motion to amend to add four adjuster Defendants to this action (#28) is DENIED.  Thus Defendants' motion

for leave to file first amended answer (#29) is MOOT.

      **SIGNED** at Houston, Texas, this  27th  day of  March , 2012.

_____<br>
MELINDA HARMON<br>
UNITED STATES DISTRICT JUDGE